IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-1017-SLR ) |
| CHRISTOPHER A. COONS, | ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 15th day of September, 2011, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Peter Kostyshyn ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, who proceeds pro se and has been granted in forma pauperis status, filed this complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks compensatory damages. (D.I. 2)

2. **Standard of review.** The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

6. **Discussion**. This complaint contains similar allegations to those contained in the complaint filed by plaintiff in *Kostyshyn v. Coons*, Civ. No. 10-1016-SLR. Plaintiff alleges that Christopher A. Coons ("Coons"), former New Castle County Executive, violated his civil rights, property rights, due process rights, and all legal rights. Plaintiff alleges that Coons participated in racketeering acts and denied him access to the New Castle County government. Plaintiff alleges that he lost over three million dollars in assets due to the illegal acts of Coons.

7. **Deficiently pled**. Initially, the court notes that the complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). The sparse and conclusory allegations do not support an entitlement to a claim for relief of constitutional violations. More specifically, it is not clear from the pleadings when the alleged violations occurred, where they occurred, or the involvement (if any) of each defendant in the alleged violation. Finally, the allegations fall far short from alleging a racketeering violation. To advance a civil claim under RICO, plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)). A "pattern of racketeering activity" requires at least two "predicate acts," such as mail or wire fraud. *Id.;* 18 U.S.C. § 1961(1),(5). The complaint contains no such allegations.

8. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint is futile. The clerk of court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE